UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PAULA BYRD, | ) |
|     Plaintiff, | ) Case No. 3:17-CV-749-DJH |
| v. | ) *Electronically Filed* |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION, | ) |
| Serve: Corporation Service Company<br>    421 West Main Street<br>    Frankfort, Kentucky | ) |
| and | ) |
| NATIONSTAR MORTGAGE, LLC, | ) |
| Serve: Corporation Service Company<br>    421 West Main Street<br>    Frankfort, Kentucky | ) |
|     Defendants. | ) |

\* \* \* \* \*

## VERIFIED COMPLAINT

Plaintiff Paula Byrd, for her Complaint against Defendants RoundPoint Mortgage Servicing Corporation and Nationstar Mortgage, LLC, states as follows:

### INTRODUCTION

1. Ms. Byrd brings this action against RoundPoint Mortgage Servicing Corporation and Nationstar Mortgage, LLC pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* to recover damages she suffered as a result of Roundpoint's use of false, deceptive, or misleading representation or means to collect a debt it alleges Ms. Byrd owes.

1

## PARTIES AND JURISDICTION

2. Ms. Byrd is a resident of Louisville, Jefferson County, Kentucky. She is a consumer as that term is defined under 15 U.S.C. §1692a(3).

3. RoundPoint Mortgage Servicing Corporation is a foreign corporation that is registered to do business within the Commonwealth of Kentucky and which conducts substantial business within this District. RoundPoint is a debt collector as that term is defined under 15 U.S.C. §1692a(6), and it engages in collection activities within this District.

4. Nationstar Mortgage, LLC is a foreign corporation that is registered to do business within the Commonwealth of Kentucky and which conducts substantial business within this District. Nationstar is a debt collector as that term is defined under 15 U.S.C. §1692a(6), and it engages in collection activities within this District.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

6. Venue in this District is proper because Ms. Byrd is a resident of this District, the Defendants transacts business in this District, and the Defendants have caused harm in this District.

## FACTS

7. As of 2011, Ms. Byrd had a loan secured by a mortgage on her principle residence that was serviced by Nationstar Mortgage, LLC on behalf of either Colonial Bank, the Federal Deposit Insurance Corporation, or some other unknown third party.

8. On June 2, 2011, the FDIC filed a foreclosure action against Ms. Byrd in the Jefferson Circuit Court, case number 11-CI-401877.

9. On December 4, 2012, Ms. Byrd filed for bankruptcy protection pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. §1301, *et seq.* and was assigned case number 12-35313-jal.

10. With her petition, Ms. Byrd filed a Chapter 13 repayment plan whereby all arrearages on her mortgage loan would be satisfied.

11. On January 8, 2013, the bankruptcy court confirmed Ms. Byrd's plan.

12. On April 8, 2013, Nationstar Mortgage, LLC filed a proof of claim in the bankruptcy alleging that Ms. Byrd owed $57,429.34 in prepetition arrearages on the mortgage loan.

13. Because of an unexpected medical emergency necessitating open heart surgery and disrupting her employment, Ms. Byrd was not able to continue post-bankruptcy payments on her mortgage loan.

14. On January 30, 2014, the Bank of New York Mellon Trust Company filed a motion seeking relief from the automatic stay pursuant to 11 U.S.C. § 362 seeking permission to continue foreclosure of the mortgage loan.

15. On March 21, 2014, the bankruptcy court granted Bank of New York Mellon Trust Company's Motion for Relief from Stay, authorizing the bank to continue the foreclosure case.

16. On April 24, 2014, Ms. Byrd filed a motion in her bankruptcy to amend her plan, abandon her home, and ultimately seek a discharge of all personal liability on the mortgage loan.

17. On May 16, 2014, the Court granted Ms. Byrd's motion.

18. On March 2, 2016, the United States Trustee filed notice confirming that Ms. Byrd completed all payments required by her amended plan.

19. On March 22, 2016, Ms. Byrd received a discharge pursuant to 11 U.S.C. §1328(a).

20. As of March 22, 2016, Ms. Byrd's personal liability for the mortgage loan was discharged.

21. On December 16, 2016, the Bank of New York Mellon Trust Company filed a notice in the foreclosure case claiming that it was the proper party Plaintiff on behalf of the FDIC 2013-N1 Asset Trust and had standing to continue the foreclosure.

22. On April 12, 2017, the Bank of New York Mellon Trust Company filed a motion for summary judgment in the foreclosure case stating that it was entitled to an in-rem judgment foreclosing the mortgage against Ms. Byrd's residence.

23. On May 31, 2017, Nationstar Mortgage send a letter to Ms. Byrd stating that the right to collect payments on the mortgage loan had been transferred to RoundPoint Mortgage Servicing, effective June 15, 2017.

24. Nationstar's letter made no reference to the fact that Bank of New York Mellon Trust Company was also attempting to collect the same amounts from Ms. Byrd in the foreclosure case.

25. Nationstar's letter made no reference to the fact that Ms. Byrd's personal liability on the mortgage loan was discharged.

26. RoundPoint thereafter began sending letters to Ms. Byrd claiming that Ms. Byrd was liable for more than $199,000 and that the loan was due for the July 1, 2010 payment.

27. RoundPoint stated that the debt was owed to a company named 25 Capital.

28. RoundPoint's statement that the debt was owed to a company named 25 Capital conflicts with statements made by the Bank of New York Mellon Trust Company in the foreclosure case regarding who is entitled to collect the discharged debt.

29. RoundPoint's letter made no reference to the fact that Bank of New York Mellon Trust Company was also attempting to collect the same amounts from Ms. Byrd in the foreclosure case.

30. RoundPoint's letter made no reference to the fact that Ms. Byrd's personal liability on the mortgage loan was discharged.

31. Thereafter, RoundPoint contacted Ms. Byrd multiple times in an attempt to collect the discharged debt.

32. Throughout 2016 and 2017, Nationstar filed reports with the three major credit reporting agencies, Trans Union, Equifax and Experian, that Ms. Byrd had not made payments on her mortgage loan since June 2010.

33. Nationstar's credit reporting contained false information.

34. Each of Nationstar's and RoundPoint's efforts to collect debt to which it is not entitled caused Ms. Byrd to suffer mental and emotional distress, turmoil, worry, stress, and anxiety.

35. Ms. Byrd has been prevented from moving forward with her life by Defendants' refusal to abide by the bankruptcy court's discharge of her debt.

## COUNT 1

36. Ms. Byrd incorporates by reference the allegations previously set forth in this Complaint.

37. The actions detailed above constitute the false representation of the character, amount and legal status of a debt in violation of 15 U.S.C. § 1692e(2).

38. Defendants' unlawful actions caused Ms. Byrd to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling him to relief in the form of actual damages and statutory damages.

39. Ms. Byrd is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT 2

40. Ms. Byrd incorporates by reference the allegations previously set forth in this Complaint.

41. The actions detailed above constitute the threat to take an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

42. Defendants' unlawful actions caused Ms. Byrd to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling him to relief in the form of actual damages and statutory damages.

43. Ms. Byrd is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT 3

44. Ms. Byrd incorporates by reference the allegations previously set forth in this Complaint.

45. The actions detailed above constitute the collection of an amount (including any interest, fee, charge, or expense incidental to the principal obligation) that is not expressly authorized by the agreement creating the debt in violation of 15 U.S.C. § 1692f(1).

46. Defendants' unlawful actions caused Ms. Byrd to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling him to relief in the form of actual damages and statutory damages.

47. Ms. Byrd is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

Wherefore, Ms. Byrd requests that this Court grant the following relief:

a. Entry of judgment to compensate Plaintiff for damages to which she is entitled, including, but not limited to, actual, compensatory and statutory damages;

b. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c. Trial by jury on all issues so triable;

d. An award of attorney's fees and costs herein incurred; and,

e. Any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

## VERIFICATION

I, Paula Byrd, verify that the information contained in this Complaint is true and accurate to the best of my knowledge, information, and belief.

*Paula Byrd*
Paula Byrd

COMMONWEALTH OF KENTUCKY )
)
COUNTY OF JEFFERSON )

Subscribed, sworn and acknowledged before me by Paula Byrd this 7th day of December, 2017.

NOTARY PUBLIC
My commission expires 12/7/19

Respectfully submitted,

CRAIG HENRY PLC
James Craig

s/ James Craig
239 S. Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com

*Counsel for Paula Byrd*

8